UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2015 JUL 10 A 8:47
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DAVID HUDOCK, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No.: 1:15-cv-890 JCC/IDD |
| FULCRUM CORPORATION, | ) |
| Registered Agent: | ) |
| Vijay Kohli | ) |
| 5615 Dogue Run Drive | ) |
| Fairfax Station, VA 22039 | ) |
| SUSHMA KOHLI, | ) |
| 5615 Dogue Run Drive | ) |
| Fairfax Station, VA 22039 | ) |
| and | ) |
| VIJAY KOHLI | ) |
| 5615 Dogue Run Drive | ) |
| Fairfax Station, VA 22039 | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff David Hudock ("Mr. Hudock"), by counsel hereby complains and alleges as follows:

### I. NATURE OF CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. by David Hudock against Fulcrum Corporation and its owners and managing officers, Sushma Kohli and Vijay Kohli for overtime violations of the FLSA.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C.

1

1:15-cv-890
JCC/IDD

§1331 and 28 U.S.C. §1337.

3. Venue is proper in this district and this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district. Plaintiff was employed by Defendants in Fairfax, Virginia and Arlington, Virginia in this district.

4. Plaintiff David Hudock is a resident of Fairfax County, Virginia. He was employed by Defendants from in or about January 2004 until in or about May 2015. He was given the title "Project Manager" for his various duties for Defendants and worked in Defendant Fulcrum Corporation's offices initially located in Fairfax, Virginia, and subsequently relocated to Arlington, Virginia.

5. Defendant Fulcrum Corporation is a company organized under the laws of Virginia, with its principal place of business in Arlington County, Virginia. Defendant has regularly conducted business activity in Virginia, including in Fairfax County and Arlington County. Defendant provides information technology services and/or related services to agencies of the United States Government.

6. Defendants Sushma Kohli ("Ms. Kohli") and Vijay Kohli ("Mr. Kohli") are the owners of Fulcrum Corporation. Ms. Kohli is the Chief Executive Officer and Mr. Kohli is the President of Fulcrum Corporation. On information and belief, Ms. Kohli and Mr. Kohli live in Fairfax County, Virginia.

### III. FACTS

7. Defendant Fulcrum Corporation ("Fulcrum") was an enterprise engaged in commerce for purposes of the FLSA at all times relevant herein.

8. At all times during Plaintiff's employment period, Mr. Kohli and Ms. Kohli were

the primary owners and managing officers of Fulcrum Corporation.

9. At all times during the period of Plaintiff's employment, Mr. Kohli and Ms. Kohli had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

10. At all times during the period of Plaintiff's employment, Mr. Kohli and Ms. Kohli supervised and managed Plaintiff's work duties.

11. At all times during the period of Plaintiff's employment, Mr. Kohli and Ms. Kohli set and controlled Plaintiff's work schedule.

12. At all times during the period of Plaintiff's employment, Mr. Kohli and Ms. Kohli set and determined Plaintiff's rate and method of pay.

13. On information and belief, at all times during the period of Plaintiff's employment, Mr. Kohli and Ms. Kohli maintained all employment records existing relating to Plaintiff or caused such records to be maintained.

14. At all times during the period of Plaintiff's employment, Mr. Kohli and Ms. Kohli controlled and were in charge of the day-to-day operations of Fulcrum.

15. Defendants together were an enterprise engaged in commerce for purposes of the FLSA at all times relevant herein.

16. Defendant Fulcrum had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

17. Defendants engaged in interstate commerce by such means as regularly making telephone calls to persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, performing business for U.S. Government agency clients in the District of Columbia and in states outside Virginia, and using goods manufactured in other states.

18. At all times during Plaintiff's employment, Plaintiff and other employees of Defendants were individual employees who, while engaged in their employment duties, handled, sold, and otherwise worked on services, goods and/or materials that were moved in or produced for commerce, thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19. Pursuant to the foregoing, at all times, all three Defendants were Plaintiff's "employers" for purposes of the FLSA.

20. Plaintiff engaged in commerce across state lines in the course of his employment with Defendants by, without limitation, using goods manufactured in other states and engaging in telephone calls across state lines.

21. Plaintiff was paid on an hourly basis.

22. Plaintiff regularly worked more than 40 hours a week for Defendants.

23. Defendants admittedly did not pay Plaintiff one and one-half times his FLSA regular rate for all overtime hours worked.

24. Plaintiff worked many hours a week off-the-clock and typically received no compensation, including no overtime compensation, for such off-the-clock work. Plaintiff was paid on an hourly basis at straight time for a small amount of overtime hours worked. Defendants only did so when the time could be billed directly to a government contract and be within the project's budget.

25. Plaintiff worked many hours of unpaid overtime in the office and remotely in maintaining access control and information technology systems and performing other duties for Defendants. Plaintiff was assigned a range of duties by Mr. Kohli and Ms. Kohli and other authorized agents of Fulcrum, including responsibilities relating to human resources, Fulcrum's

facility security clearance and physical security, and Fulcrum's facility infrastructure tasks to include: network and telecommunication wiring, configuration and maintenance, door and secure container lockset installation, configuration, and maintenance, and office furniture configuration and maintenance, and office equipment configuration and maintenance.

26. In April 2015, Defendants required Plaintiff to prepare to move Fulcrum's headquarters located on Wilson Blvd. in Arlington, Virginia to its new office space located on North Quincy Street in Arlington, Virginia. Plaintiff's duties included removing network and telecommunication wiring, door locks and preparing secure containers, furniture and office equipment, and computer hardware for the move from the old location to the new location. Plaintiff was required to work through the weekend of April 25 and 26, 2015 and overnight from April 26, 2015 to April 27, 2015 to prepare the office for this move. When Mr. Kohli arrived in the office at 6 a.m. on April 27, 2015, he encountered Plaintiff there and further acknowledged the work that Plaintiff had been required to perform for the move.

27. Plaintiff would often respond to communications, including electronic communications, from Mr. Kohli and Ms. Kohli and other authorized agents of Fulcrum outside of regular working hours, and initiate communications to Mr. Kohli and Ms. Kohli and other authorized agents of Fulcrum outside of regular working hours in performing his assigned job duties.

28. Mr. Kohli instructed Plaintiff to record no more than 40 hours per week on his timesheets with the very limited exception noted above, even though Plaintiff would work additional hours over 40 in the office and remotely in performing his job duties. Mr. Kohli stated that Fulcrum could not afford to pay Plaintiff for more than 40 hours per week unless it could be directly billed to a client within the project's budget.

29. Plaintiff would often come back to the office to work later in the evening, after normal working hours. Plaintiff would typically not record when he returned to the office to work, after normal working hours. Plaintiff followed the direction of Mr. Kohli, who had directed him to record no more than 40 hours per week on his timesheets when he performed work in excess of 40 hours per week, with the limited exception noted above.

30. Plaintiff would come to the office to work on weekend days. As instructed previously by Mr. Kohli, Plaintiff would typically not record when working in the office on a weekend day.

31. Plaintiff performed the full range of his normal office duties while in the office and off-the-clock.

32. Plaintiff's off-the-clock work was often performed in weeks when Plaintiff worked 40 or more hours on-the-clock during the same workweek.

33. Defendants arranged it so that Plaintiff could log into Defendants' computer system from home.

34. Plaintiff often logged into Defendants' computer system from home to perform work, including sending and reading work-related emails. Mr. Kohli often communicated with Plaintiff about work-related matters by email when Plaintiff was off-the-clock, including on days off.

35. Plaintiff often made work-related telephone calls and texts when off-the-clock, including when out of the office. This included telephone calls and texts with Mr. Kohli and other authorized agents of Fulcrum.

36. Plaintiff often performed duties maintaining computer hardware in the office while off-the-clock.

37. Plaintiff often performed work associated with maintaining computer hardware and work concerning human resource records while off-the-clock.

38. Plaintiff performed a variety of additional work off-the-clock, including maintaining the company's computer hardware, including its server, monitoring corporate security, communicating with other Fulcrum employees regarding client projects, security matters, and administrative matters, and validating and processing time cards and expense reports.

39. Much of this work was performed in weeks when Plaintiff worked 40 or more hours on the clock.

40. Plaintiff regularly did work on Fulcrum's IT systems from home. Plaintiff would review server and router event and access logs, fix server issues, and do necessary maintenance on computer hardware systems often on a daily basis outside of core office hours, including on nights and weekends. This work was required and/or recommended by Mr. Kohli and/or other agents of Defendants. The work benefitted Defendants.

41. The work described above typically was off-the-clock and typically Plaintiff was not compensated by Defendants for such work.

42. The uncompensated off-the-clock work was often performed in workweeks when Plaintiff worked 40 or more hours a week on-the-clock.

43. Plaintiff regularly worked at home, off-the-clock, with the actual or constructive knowledge of Defendants, including during weeks in which Plaintiff worked 40 or more hours a week on-the-clock.

44. Plaintiff regularly worked at the office, off-the-clock, with the actual or constructive knowledge of Defendants, including on weekends and days off, and before and after

normal working hours, including during weeks in which Plaintiff worked 40 or more hours a week on-the-clock.

45. Plaintiff regularly communicated about work-related matters with Defendants and/or their agents, by telephone and by emails, while off-the-clock, including during weeks in which Plaintiff worked 40 or more hours a week on-the-clock.

46. Plaintiff frequently worked 40 or more hours a week, on-the-clock, worked extra hours off-the-clock during the same workweek, and was not compensated for the off-the-clock work during the same workweek.

47. Plaintiff was never disciplined in any way for working off-the-clock, even though Mr. Kohli, Ms. Kohli, and other authorized agents of Fulcrum were aware that Plaintiff regularly worked off-the-clock.

48. Mr. Kohli, Ms. Kohli, and other agents of Defendants regularly communicated with Plaintiff by email on his days off and often directly or indirectly asked Plaintiff to perform work on the days off. Defendants knew, or should have known, that this would cause Plaintiff to work uncompensated overtime hours.

49. Defendants required and/or suffered or permitted Plaintiff to work more than 40 hours a week, without all overtime compensation required by law.

50. Plaintiff regularly worked overtime hours, with the actual or constructive knowledge of Defendants. Mr. Kohli saw Plaintiff working much uncompensated overtime and knew that Plaintiff worked much uncompensated overtime. Mr. Kohli instructed Plaintiff not to record various kinds of overtime hours worked.

51. Defendants knew and should have known they were obligated to pay overtime compensation to Plaintiff. It was either intentional or reckless disregard to attempt to deny

Plaintiff overtime compensation for work done with the actual or constructive knowledge of Defendants or their agents.

52. Defendants knew or should have known that they were not allowed to create inaccurate time and attendance records and/or change payroll records to deny Plaintiff overtime compensation required by law.

53. The failure to Defendants to pay Plaintiff all overtime compensation due was intentional and/or in reckless disregard of the law.

## IV. CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF FLSA

54. The allegations of the preceding paragraphs are here realleged.

55. Defendants did not compensate Plaintiff for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

56. Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

57. Defendants did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all of the hours they worked in excess of 40 in each workweek (i.e., overtime hours worked).

58. Defendants regularly and willfully violated the FLSA by not compensating Plaintiff for all hours he was required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiff.

59. By reason of the foregoing, Plaintiff has been damaged and is due unpaid

compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants Fulcrum Corporation, Sushma Kohli and Vijay Kohli for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages under the FLSA, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

DAVID HUDOCK

By counsel:

Jeffrey L. Rhodes
Va. Bar Number 44475
ALBO & OBLON, LLP
2200 Clarendon Blvd., Suite 1201
Arlington, VA 22201
(703) 312-0410
(703) 312-0415 (fax)
jlr@albo-oblon.com

John J. Rigby
Va. Bar Number 20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

Consent for Suit Under the Fair Labor Standards Act

I hereby authorize Jeffrey L. Rhodes of Albo & Oblon, L.L.P. and John J. Rigby of McInroy & Rigby, P.C. to bring suit against Fulcrum Corporation and/or Vijay Kohli and/or any other appropriate parties under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and any appropriate state law(s), to recover unpaid minimum wages, overtime, and other compensation, as well as liquidated damages, interest, costs, and reasonable attorneys' fees. I ask that reasonable attorneys' fees and costs be awarded to Jeffrey L. Rhodes and John J. Rigby and any other attorneys who assist in this litigation. I give my attorneys the right to compromise and settle any claim. I authorize the filing of a collective action if my counsel determine that this is appropriate.

Signature: _[signature]_

Name: David M. Hudock

Address: 11911 Fairfax Station Road
Fairfax Station, VA 22039

Date: 8 July 2015